```
 1
 2
 3
 4
 5
 6
 7
 8                         UNITED STATES DISTRICT COURT
 9                        CENTRAL DISTRICT OF CALIFORNIA
10
11  CHRIS COOK,                    ) CASE NO. SA CV 11-1081-GHK (PJW)
                                   )
12             Petitioner,         ) ORDER TO SHOW CAUSE WHY PETITION
                                   ) SHOULD NOT BE DISMISSED
13       v.                        )
                                   )
14  T. GONZALEZ,                   )
                                   )
15             Respondent.         )
    _____)
16       On July 20, 2011, Petitioner filed a Petition for Writ of Habeas
17  Corpus ("Petition"), seeking to challenge a 2009 state conviction and
18  the ten-year-four-month sentence that followed. (Petition at 2.)
19  Although difficult to decipher, it appears that Petitioner is claiming
20  that evidence was improperly excluded and that he was unlawfully
21  seized. (Petition at 3-4.)
22       As a matter of comity between state and federal courts, a federal
23  court generally will not address the merits of a habeas corpus
24  petition unless the petitioner has first exhausted his state remedies,
25  i.e., sought state court review of every ground presented in the
26  petition by presenting it to the highest state court. *Rose v. Lundy*,
27  455 U.S. 509, 518-22 (1982). Indeed, the law governing habeas
28  petitions provides that a habeas petition brought by a person in state
```

custody *cannot be granted* "unless it appears that--(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). To exhaust state remedies, a petitioner must fairly present his contentions to the state courts, and the highest court of the state must dispose of them on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999). A district court may raise a failure to exhaust *sua sponte*. *Stone v. San Francisco,* 968 F.2d 850, 856 (9th Cir. 1992.)

In his Petition, Petitioner has indicated that he previously raised claims of insufficient evidence and "credits" in a petition for review in the California Supreme Court, (Petition at 5), but he fails to allege that he raised the instant claims of exclusion of evidence and unlawful seizure in that court or in any other state court. Indeed, Petitioner alleges that he "brought the contentions in question to appellate counsel's attention," and that "any layman [upon] review of the record would have raised these arguments as I requested." (Petition at 6.) In other words, it appears that Petitioner is claiming that his appellate counsel failed to raise the instant claims. Thus, it appears that the Petition is completely unexhausted and is subject to dismissal on that basis. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Petitioner must first present his claims to the state supreme court, either through direct appeal or in a petition for habeas corpus, and have that court decide them on their merits before he can proceed in this Court.

Furthermore, the Court takes judicial notice of Petitioner's previous federal habeas petition, in Case No. 10-1745-PJW, which was dismissed without prejudice on June 17, 2011, for failure to exhaust (among others) claims that his conviction was the product of an unlawful search and seizure and was obtained by the deliberate suppression of exculpatory evidence, the same claims that he has raised in the instant Petition.

IT IS THEREFORE ORDERED that, no later than September 2, 2011, Petitioner shall inform the Court in writing why this case should not be dismissed for failure to exhaust. Failure to timely file a response will result in a recommendation that this case be dismissed without prejudice to refiling once he has exhausted his claims.

DATED: July 29, 2011

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-State Habeas\COOK, C 1081\OSC dismiss pet.wpd